## HUGHES v. LINCOLN LAND CO. et al.
### No. 2634.

District Court, D. Wyoming.

June 9, 1939.

James A. Greenwood, of Cheyenne, Wyo., and Walter T. More, of Torrington, Wyo., for plaintiff.

John C. Pickett, of Cheyenne, Wyo., and James C. Mothersead and R. T. York, both of Scottsbluffs, Neb., for defendants.

KENNEDY, District Judge.

This is a suit to restrain the defendant Lincoln Land Company from using certain water under a territorial appropriation upon land to which it has more recently been applied.

The case was removed from the State Court upon the grounds of diversity of citizenship and a separable controversy between the plaintiff and the defendant Lincoln Land Company, the amount involved being sufficient to satisfy the jurisdictional requirements of this court. A motion to remand was interposed and the same was overruled. It is apparent that the second defendant Donahue as Water Commissioner, is a mere nominal defendant, whose duty it is as a ministerial official to administer water in accordance with the decrees of competent tribunals authorized to adjudicate the same and therefore has no interest in the controversy between plaintiff and the principal defendant. As to the amount in controversy, the matter was disposed of upon the motion to remand as the matter then stood upon the record, but in addition there is testimony in the case to the effect that the water right involved is worth an amount per acre which places its value considerably above the requisite amount of $3000, exclusive of interest and costs. The case has been submitted on oral arguments and trial briefs.

The set-up of the case on the merits arises out of the following facts and circumstances. The plaintiff acquired a water right for the diversion of water from Horse Creek under the laws of the State of Wyoming as they then existed in August 1902, for the irrigation of ninety acres of land in Sections 24 and 25, Township 22 North, Range 62 West, which water has been used beneficially in the raising of crops upon the acreage for which it was appropriated. The defendant Lincoln Land Company is the owner of a water right taken out in April 1887 by Herrick and Balcom and later adjudicated by decree of the District Court of Laramie County in June 1889, providing for the irrigation of ninety acres of land with not to exceed seven and twenty-hundredths cubic feet of water per second of time. The water so appropriated was diverted through a ditch known as the Herrick and Balcom Ditch at a point about twelve miles up the stream from the diversion point of the plaintiff. In the first instance, the Herrick and Balcom Ditch was constructed for a distance of approximately three-quarters of a mile and the water thereupon applied to the reclaiming of lands in Section 17, Township 20 North, Range

61 West, and for a considerable period of time the water was applied to such lands variously estimated in amount from 65 to 90 acres. There is testimony to the effect that this ditch was later extended northward into Section 8, and that the water was applied to lands in that section, but it does not appear that there was any substantial irrigation of lands other than those in Section 17 until about the year 1930, when ditches were cleared out and constructed which carried the water northward, and it has since been applied for beneficial use upon lands in Section 8 and perhaps a small amount of acreage in Section 9. The plaintiff claims that the application of water to the lands in Section 8 has seriously interfered with the operation of his farming venture, inasmuch as since such irrigation began he has not been able to secure water for irrigation purposes which he formerly received through the stream while the application of water by the defendant had been confined to the irrigation of lands in Section 17.

This brief statement gives the basis for the law-suit and the effort on the part of the plaintiff to have an injunction against the defendant Lincoln Land Company which will require it to confine its use of water to the irrigation of lands in Section 17. In the first instance, it may be said that the proofs are meagre as to any damage which the plaintiff has actually suffered by any use to which the defendant has made of water upon the lands in Section 8, but in the absence of any counter proof, it should be sufficient to sustain this portion of plaintiff's complaint. It does not seem to be the claim of plaintiff that the defendant through its territorial water right has irrigated more than the ninety acres of land permitted under that adjudication, but the complaint is that after the ninety acres in Section 17 had been reclaimed and irrigated for a period of years that the defendant had no right to irrigate other lands by decreasing the acreage irrigated in Section 17 and applying the excess of the appropriated water to lands in Section 8.

In 1904 the Supreme Court of Wyoming in the case of Johnston v. Little Horse Creek Irrigation Co., 13 Wyo. 208, 79 P. 22, 70 L.R.A. 341, 110 Am.St.Rep. 986, held that the owner of a water right acquired for the irrigation of certain lands could transfer the same to another for use upon other lands and that upon such transfer the water right became severed from the land to which it was originally attached and became appurtenant to the land upon which the transferee intended to and did apply it. It would seem that if there were no legal impediment to the transfer of a water right to lands other than those for which the appropriation was made, there could logically be no inhibition against an appropriator applying his right to the use of water to different fractions of lands which he himself owns. In other words, under the decision in the Johnston case, the transaction involved a transfer of water rights to be used on other than those lands for which the water was originally appropriated and the transferor and the transferee then stood in the same position as if they had made an original joint appropriation. In the case at bar, the defendant made no transfer of the water rights but applied its right to the use of a definite appropriation of water to lands other than those to which it was originally applied and reduced the original acreage accordingly. The acreage to which the water was applied remained the same. I see no practical distinction as to the principle to be applied because of the different circumstances surrounding the two transactions. It must be assumed, however, that the water is beneficially applied to the acreage limited and not in excess of the original appropriation.

In 1909 the Legislature of Wyoming passed an act, Laws 1909 c. 68, providing that water rights could not be detached from the land, place or purpose for which they were acquired without loss of priority. This statute is substantially the same as now incorporated in Wyoming Revised Statutes 1931, Sec. 122-401 et seq. There remains for consideration the effect of this statute of 1909. First, it is admitted that the original water right was taken out for the irrigation of ninety acres of land without any description of the land to which it was to be applied, and it would seem reasonable under the existing circumstances to say that inasmuch as no specific description of land was contained in the appropriation and decree, the water right was acquired as much for use in Section 8 as in Section 17. In this view of the subject it can scarcely be said that the action of the defendant in applying the water to lands in Section 8 after it had been applied to lands in Section 17 was in violation of this statute. Second, considering the fact that in Johnston v. Little Horse Creek Irrigation Co., supra, it is

held that the right to the use of water based upon a prior appropriation for beneficial purposes is a property right, it would seem that no statute which the State might subsequently pass could abridge that property right or reduce its value without intrenching upon the constitutional right of the owner. All right to the use of water for irrigation purposes is now regulated by statute and has been since statehood in 1890, and it is sometimes difficult to fix and determine the definite rights which were acquired previously; but in the absence of any use not inconsistent with the original grant or claim of abandonment, I reach the conclusion that an injunction will not lie to limit the defendant in its exercise of the right to use water in the manner in which the evidence shows it to be used in this case, except to the extent that such use must for beneficial purposes be confined to the definite amount fixed and to lands not exceeding in area ninety acres specified in the appropriation and decree of the District Court for Laramie County.

Appropriate findings of fact and conclusions of law may be submitted by counsel for defendant in collaboration with plaintiff's counsel, reserving appropriate exceptions, together with a judgment with costs to defendants, within twenty days from the date of this memorandum.